Judge Underwood
delivered the opinion of the Court.
Adrian Hay, in June, 1822, executed an obligation to Carpenter, conditioned for the conveyance of 200 acres of land, on or before the 1st of October ensuing. Hay having failed to comply with his covenant, Kincaid, in March, 1824, bound hfmself to Carpenter, that Hay should make a, title to the land according to his bond, within eighteen months, and if he did not, then Kincaid agreed to be answerable for his failure. Kincaid likewise, after reciting-that Carpenter had paid Hay ,§1100 in Commonwealth paper for the land, worth $550 in silver, agreed, in the event that the title was not made within eighteen months, that he was “security for the $1100 in Commonwealth paper.”
Carpenter instituted an action of covenant against Kincaid, and assigned bleaches in the non-conveyance of the land and the non-payment of the <$'1100 in Commonwealth’s paper. His declaration was endorsed that notes on the Bank of the Commonwealth would be received in discharge of the judgment. *11 The court tolerated a specific recovery of $1 100 in the notes of the Bank of, the Commonwealth, and Kincaid excepted.
jud«-n-jenis°to be rendered for banknotes coesMotem-br.-icecou-tracts stipu- and to do other things
Mills and Brown, for plaintiffs; Owsley- and Ander:son, for defendants.
We are of opinion that Kincaid’s covenant is not embraced by the provisions of the act of Assembly, approved January 5th, 1 SIM, authorizing the recovery of bank notes. That act only embraces contracts for the pavment of-bank notes, and according to repeated adjudications, it does not include contracts stipulating to pay bank notes and to do other things, Now there are two distinct things embraced by the covenant of Kincaid-, the first is, to-be answerable for the non-conveyance of the land, and also for the title. This may entitle Carpenter to recover against him such damages as Hay ought to pay, and these may be different from the consideration actually received, They may equal the whole consideration stipulated to be paid for the land, if no more. The other branch of the covenant imposes a liability as surety for the $1100 paid in Commonwealth’s paper, provided the title is not made. Such a contract is very different from those contemplated by the statute, and, therefore, the court erred in permitting a recovery for bank notes.
. We think the declaration good. Judgment reversed, and cause remanded fora new trial.
The. plaintiff in error must recover his costs.
Note — Chief Justice Robertson did not sit in this case.